T.C. Memo. 1998-350

UNITED STATES TAX COURT

MARK T. ALLEN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No 3543-97.                    Filed October 5, 1998.

<u>Alexandra E. Nicholaides</u>, for respondent.

MEMORANDUM OPINION

FOLEY, <u>Judge</u>:  On November 22, 1996, respondent issued a
notice of deficiency to Mark T. Allen for tax years 1992, 1993,
and 1994.  Respondent determined the following deficiencies in,
and additions to, Mr. Allen's Federal income taxes:

| Year | Deficiency | Additions to Tax | |
| | | Sec. 6651(f) | Sec. 6654 |
|------|------------|------------------|-----------|
| 1992 | $20,915 | $15,686 | $139 |
| 1993 | 22,318 | 16,739 | 935 |
| 1994 | 23,649 | 17,737 | 1,218 |

All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

When Mr. Allen filed his petition, on February 24, 1997, he resided in Kent City, Michigan. In his petition, Mr. Allen contested all of respondent's determinations. Mr. Allen has the burden of proving that respondent's determinations of income tax deficiencies and additions to tax under section 6654 are erroneous. He refused, however, to stipulate any facts, appear at trial, or submit a brief.

Prior to 1992, Mr. Allen filed timely Federal income tax returns. Mr. Allen did not, however, file returns or pay estimated taxes relating to 1992, 1993, and 1994. During these years, Mr. Allen operated a sole proprietorship which designed and manufactured electric controls. After conducting an audit and reconstructing Mr. Allen's income from bank records, respondent determined that Mr. Allen is liable for income and self-employment taxes relating to 1992, 1993, and 1994. Mr. Allen, however, did not present any evidence relating to these issues. Accordingly, we sustain respondent's determinations.

Respondent also determined that Mr. Allen is liable for section 6651(f) additions to tax for fraudulently failing to file his 1992, 1993, and 1994 Federal income tax returns. Respondent must establish, by clear and convincing evidence, that Mr. Allen's failure to file was an attempt to evade tax. See sec. 7454(a); Clayton v. Commissioner, 102 T.C. 632, 646, 651-653 (1994). A taxpayer's attempts to conceal income, mislead the Internal Revenue Service, or prevent the collection of income tax may establish the requisite fraudulent intent. See Rowlee v. Commissioner, 80 T.C. 1111, 1123 (1983).

Mr. Allen was aware of his Federal income tax return filing obligations, but failed to file his 1992, 1993, and 1994 returns. In addition, Mr. Allen attempted to conceal his income-producing activities by encouraging his bank not to comply with respondent's summons, sending respondent a false affidavit, and refusing to provide respondent with relevant information. Moreover, Mr. Allen attempted to evade tax when he failed to file his returns. Accordingly, he is liable for the section 6651(f) additions to tax relating to 1992, 1993, and 1994.

At trial, respondent made an oral motion for the Court to penalize Mr. Allen, pursuant to section 6673(a), for engaging in dilatory tactics and asserting frivolous arguments. We conclude that such a penalty is inappropriate in this case and deny respondent's request.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.